his rights." *Crews v. United States,* No. 08–68C, slip op. at 5 (Dec. 10, 2008). It further determined that the government was prejudiced by the delay because the government's defense would require access to witness testimony and historic records. Witnesses would likely be unavailable and—even if they were available—unable to recall the necessary details after the lengthy passage of time. Similarly, the court found that written records might have been lost or destroyed. Mr. Crews did not appeal the court's dismissal of his complaint.

On May 17, 2010, Mr. Crews filed a motion for a new trial in the trial court. The Court of Federal Claims denied this motion, noting that the evidence Mr. Crews submitted was insufficient to grant the relief requested and that RCFC 6(b)(2) "unequivocally bars the Court from extending the time limits for motions for new trial or reconsideration under RCFC 59(b) or for relief from judgment under RCFC 60(b)." Mr. Crews appealed. On April 6, 2011, this court affirmed the Court of Federal Claims, concluding that the trial court did not abuse its discretion in denying reconsideration, a new trial, or relief from judgment.

On January 24, 2012, Mr. Crews filed a writ of mandamus asking this court to vacate the Court of Federal Claims's December 20, 2008 decision.

## II

A writ of mandamus is a drastic remedy that is used sparingly. This court can issue a writ only when the following conditions are met: 1) the petitioner must have no other adequate means to attain the relief he desires; 2) the petitioner must demonstrate a clear and indisputable right to the issuance of the writ; and 3) the court must be convinced that the circumstances warrant issuance of the writ. *Che-*

*ney v. U.S. Dist. Court,* 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004).

Mr. Crews now seeks a writ of mandamus to again challenge the Court of Federal Claims's disposition of his case. His case is over in that court and he has exhausted any appellate rights. Just as a writ of mandamus is not a substitute for the appeals process, *id.,* it also cannot be used in these circumstances when the case is over and appeals have been resolved.

Accordingly,

I⊤ Is Ordered That:

The petition for a writ of mandamus is denied.

**ANDERSEN CORPORATION,**
**Plaintiff,**

v.

**PELLA CORPORATION, Defendant–**
**Appellant,**

v.

**W.L. Gore & Associates, Inc.,**
**Defendant–Appellee.**

**No. 2010–1481.**

United States Court of Appeals,
Federal Circuit.

Feb. 10, 2012.

Bruce H. Little, Linquist & Vennum P.L.L.P., of Minneapolis, MN, argued for defendant appellant. With him on the brief was Christopher R. Sullivan.

John T. Gallagher, Sills Cummis & Gross, P.C., of New York, NY, argued for defendant-appellee. With him on the brief was William J. Tipping, Gaskins, Bennett, Birrell, Schupp, LLP, of Minneapolis, MN.

PROST, SCHALL, and REYNA, Circuit Judges.

## JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED AND ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

## ANDERSEN CORPORATION, Plaintiff,

v.

## PELLA CORPORATION, Defendant–Appellant,

v.

## W.L. Gore & Associates, Inc., Defendant–Appellee.

### No. 2010–1481.

United States Court of Appeals, Federal Circuit.

Feb. 10, 2012.

Bruce H. Little, Linquist & Vennum P.L.L.P., of Minneapolis, MN, argued for defendant appellant. With him on the brief was Christopher R. Sullivan.

John T. Gallagher, Dickstein Shapiro, LLP, of New York, NY, argued for defendant-appellee. With him on the brief was William J. Tipping, Gaskins, Bennett, Birrell, Schupp, LLP, of Minneapolis, MN.

PROST, SCHALL, and REYNA, Circuit Judges.

## JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

## Roberto CREA, Plaintiff–Appellant,

v.

## CITY OF HOPE, City of Hope National Medical Center, and Beckman Research Institute of the City of Hope, Defendants–Appellees,

and

## Does 1 Through 20, Defendants.

### No. 2011–1106.

United States Court of Appeals, Federal Circuit.

March 7, 2012.